ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH C. CANOUSE, an individual,

                Plaintiff,

- against -

PROTEXT MOBILITY, INC.,

                Defendant.

18 Civ. 03610 (LLS)

ORDER

      Defendant Protext Mobility, Inc., moves pursuant to Fed. R. Civ. P. 60(b) to vacate the Default Judgment entered against it on November 19, 2019, arguing that vacatur is appropriate where Protext's attorney neglected the case, the Judgment contained legal and factual errors and disregarded meritorious defenses, and plaintiff acted in bad faith to mislead defendant into believing they could reach settlement. Plaintiff Joseph C. Canouse opposes the motion, arguing that defendant misrepresents the facts surrounding the parties' relationship and the entry of Default Judgment and that he would be unduly prejudiced if the motion were granted.

      Fed. R. Civ. P. 60(b) sets forth the grounds for relief from an entry of default judgment. Under either Sections 60(b)(1) or 60(b)(6), the Court considers "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Vega v. Trinity Realty Corp., No. 14-CV-7417 (RJS), 2021 WL 738693, at *5 (S.D.N.Y. Feb. 24, 2021)(internal quotation marks omitted); see also Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir.

-1-

1987)("Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties.") (internal citations omitted).

Defendant seeks relief under Rule 60(b)(6), which authorizes a district court to grant relief to a moving party for "any other reason that justifies relief." To avail itself of that Rule, defendant must demonstrate that "extraordinary circumstances" warrant relief. Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). But, "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed", and the motion is properly characterized as a Rule 60(b)(1) motion based on "mistake, inadvertence, surprise, or excusable neglect". Id. at 67-68; Fed. R. Civ. P. 60(b)(1).

Defendant's motion is premised on its attorney's gross negligence or incompetence in failing to answer the First Amended Complaint or oppose the motion for default,[1] and is properly considered under Rule 60(b)(1). See Harris v. United

---

[1] Defendant does not show that his attorney completely abandoned his case, such that the attorney's conduct was "so egregious and profound" to warrant relief under Rule 60(b)(6). Compare Murphy v. Snyder, No. CV 10-1513 JS AKT, 2013 WL 934603 (E.D.N.Y. Mar. 8, 2013), report and recommendation adopted, 2013 WL 1335757 (E.D.N.Y. Mar. 29, 2013)(granting relief under 60(b)(6) where, despite defendants' consistent attempts to communicate with their attorneys and remain apprised of the status of the case, the firm failed to respond to multiple court filings or to comply with various court orders, completely neglected defendants' case, and failed to address a blatant conflict of interest).

-2-

States, 367 F.3d 74, 81 (2d Cir. 2004)("In typical civil proceedings, this Court very rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct."); see also Brooks v. Doe Fund, Inc., 2020 WL 5706451, at *7 (E.D.N.Y. Sept. 24, 2020) ("To the extent that Plaintiff alleges gross negligence, the Second Circuit has consistently resisted granting Rule 60(b)(6) relief for the gross negligence of a party's lawyer.") (internal quotation marks omitted).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Defendant's motion is therefore untimely. It is brought nearly two and a half years after judgment was entered and nearly two years after defendant claims it first became aware of the entry. See Lewis Decl. ¶ 33.

Defendant claims that its delay in moving to vacate the judgment was caused by plaintiff's "year's long, bad faith campaign of threats coupled with offers of settlement" which lulled him into "a false sense of security that he would not pursue the Judgment." Lewis Decl. at 6, ¶¶ 35-39. However, there is no evidence that plaintiff's attempts to settle were made in bad faith, and in fact, they seem to have been made in an effort to accommodate defendant during a challenging time and to ensure that Protext could remain solvent and reorganize in a way that benefited both parties. See Canouse Decl. ¶¶ 9, 21, 31-

-3-

42; Ex. A.

The two years and more that have passed, with defendant's knowledge, since the Judgment was entered bar relief under 60(b)(1), and the lack of highly convincing evidence excusing defendant's failure to act sooner leave it with a remedy (if any is available) against its defaulting lawyer. However, defendant may not be entirely without relief in its suit in a Florida state court. See Canouse Decl. ¶ 54.

Defendant's motion is denied.

So Ordered.

Dated:  New York, New York
        May 20, 2022

                                    _Louis L. Stanton_
                                    Louis L. Stanton
                                    U.S.D.J.